GEORGE A. RILEY (S.B. #118304)
DARIN W. SNYDER (S.B. #136003)
PAT W. COSTELLO (S.B. #218591)
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA  94111-3305
Telephone:   (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendant
OrthoClear, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ORTHOCLEAR, INC. and<br>ORTHOCLEAR HOLDINGS, INC.,<br><br>　　　　　　　Defendants. | Case No. CV 05-02948 MMC<br><br>**ANSWER OF DEFENDANT ORTHOCLEAR, INC. TO ALIGN TECHNOLOGY, INC.'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Action Filed:   July 19, 2005 |

Defendant OrthoClear, Inc. ("OrthoClear") hereby answers Plaintiff Align Technology, Inc.'s ("Align") Complaint as follows:

## SUMMARY OF THE ACTION

The "Summary of the Action" contains legal conclusions that require no response. To the extent that a response would be required, OrthoClear admits that it markets and promotes an orthodontic device that competes with Align's Invisalign System. OrthoClear denies any remaining material allegations in the "Summary of the Action."

## PARTIES

1. OrthoClear is informed and believes, and on that basis admits, that Align is a Delaware corporation with its principal place of business in Santa Clara, California.

2. OrthoClear admits that it is a Delaware corporation incorporated on January 5, 2005, with its principal place of business in San Francisco, California. OrthoClear admits that it is a subsidiary of OrthoClear Holdings, Inc. OrthoClear denies any remaining material allegations in Paragraph 2.

3. OrthoClear admits that OrthoClear Holdings, Inc. is a parent corporation of OrthoClear , Inc. and that OrthoClear Holdings, Inc. is organized under the laws of the British Virgin Islands. OrthoClear denies any remaining material allegations in Paragraph 3.

## JURISDICTION

4. OrthoClear admits that this Court has subject matter jurisdiction over Lanham Act claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121. OrthoClear denies any remaining material allegations in Paragraph 4.

## VENUE

5. OrthoClear admits that venue is proper in this District as to OrthoClear. OrthoClear admits that it has an maintained office in this District beginning in 2005. OrthoClear denies any remaining material allegations in Paragraph 5.

## INTRA-DISTRICT ASSIGNMENT

6. OrthoClear admits that for purposes of Civil Local Rule 3-5(b) and 3-2(b)-(d), assignment of this matter to the San Francisco Division is proper. OrthoClear denies any remaining material allegations in Paragraph 6.

## FACTS

### The Invisalign System

7. OrthoClear is informed and believes, and on that basis admits, that Align has designed, developed, manufactured and marketed orthodontic products. OrthoClear is informed and believes, and on that basis admits, that Align's core product has been the "Invisalign System," which is a method for treating crooked and misaligned teeth. OrthoClear is informed and believes, and on that basis admits, that the Invisalign System has consisted of multiple orthodontic appliances that incrementally move teeth towards a predetermined position. OrthoClear is informed and believes, and on that basis admits, that the Invisalign System has used computers to design and manufacture customized orthodontic appliances. OrthoClear is informed and believes, and on that basis admits, that Align has had an Internet-based software application that was used by dental professionals. OrthoClear denies any remaining material allegations in Paragraph 7.

8. OrthoClear is informed and believes, and on that basis admits, that the Invisalign System used a model that is made from an impression of the patient's mouth and teeth. OrthoClear is informed and believes, and on that basis admits, that the Invisalign System involved the creation of an image of the model and that a dentist or orthodontist may have used Align's software and predetermined how the teeth should be positioned at the end of a patient's treatment. OrthoClear is informed and believes, and on that basis admits, that Align has used its software to design multiple tooth alignment devices based on the model and the dentist's or orthodontist's input. OrthoClear is informed and believes, and on that basis admits that Align has manufactured a complete set of patient aligners and provided them to the dentist or orthodontist for insertion by the patient every two weeks in order to move their teeth into a predetermined and final

1    outcome.  OrthoClear denies any remaining material allegations in Paragraph 8.

2    9.    OrthoClear is informed and believes, and on that basis admits, that the Invisalign System was introduced in 1998.  OrthoClear is informed and believes, and on that basis admits, that Align has a dominant share of the market.  OrthoClear is informed and believes, and on that basis admits, that hundreds of thousands of patients have been treated with invisible orthodontics throughout the world.  OrthoClear denies any remaining material allegations in Paragraph 9.

**The Elements of Align's Success in the Marketplace**

10.    OrthoClear is informed and believes, and on that basis admits, that Align has "certified" orthodontists and dentists to use its product.  OrthoClear is without knowledge or information sufficient to form a belief as to the truth of the second, third, fourth, and fifth sentences in Paragraph 10 of the Complaint, and on that basis deny these allegations to the extent they are material.  OrthoClear denies any remaining material allegations in Paragraph 10.

11.    OrthoClear denies each and every material allegation in Paragraph 11.

**The Origins of OrthoClear**

12.    OrthoClear admits that Align was founded in 1997 by, inter alia, Muhammad Ziaullah Chishti ("Chishti") and Kelsey Wirth.  OrthoClear admits that Chishti was Align's Chief Executive Officer from 1997 to 2002.  OrthoClear admits that Align's Board of Directors replaced Chishti as Chief Executive Officer.  To the extent that Align references a "Consulting Agreement" and an "Employee Proprietary Information and Inventions Agreement," these documents speak for themselves.  OrthoClear denies any remaining material allegations in Paragraph 12.

13.    To the extent that Align references multiple agreements in Paragraph 13, these agreements speak for themselves to the extent they exist.  OrthoClear denies any remaining material allegations in Paragraph 13.

14.    OrthoClear denies each and every material allegation in Paragraph 14.

15.    OrthoClear denies each and every material allegation in Paragraph 15.

## OrthoClear's Goals and Strategies

16. OrthoClear denies each and every material allegation in Paragraph 16.

17. OrthoClear denies each and every material allegation in Paragraph 17.

18. OrthoClear admits that in confidential meetings, the confidentiality of which has been actively and intentionally breached by Align, OrthoClear offered Align access to the new OrthoClear technology via a merger or acquisition as a mechanism to greatly enhance Align shareholder value in light of Align's inability to overcome its dramatically declining share price, high costs, and low profitability. OrthoClear admits that Align rejected such proposal and affirmatively states that instead of exploring such options, Align has opted in favor of a plan to eliminate OrthoClear and its cost-effective product offerings from the marketplace. OrthoClear denies each and every remaining material allegation in Paragraph 18.

## OrthoClear's Sales and Marketing Practices

19. OrthoClear admits that it was incorporated on January 5, 2005 and admits that it issued a press release on February 7, 2005. OrthoClear denies each and every remaining material allegation in Paragraph 19.

20. OrthoClear denies each and every material allegation in Paragraph 20.

21. OrthoClear admits that it maintains a website that contains a page entitled "Frequently Asked Questions." OrthoClear admits that the "Frequently Asked Questions" page of OrthoClear's website contains, among other statements, the three statements set forth in the bullets to Paragraph 21. OrthoClear denies any remaining material allegations in Paragraph 21.

22. OrthoClear admits that it maintains a website that contains a page entitled "Who does OrthoClear work for?" and admits that this page contains, among other statements, the statement set forth in the first bullet to Paragraph 22. OrthoClear admits that it issued a June 14, 2005 press release that contains the statements set forth in the second bullet to Paragraph 22. OrthoClear admits that it issued a July 7, 2005 press release that contains the statements set forth in the third bullet to Paragraph 22.

1   OrthoClear denies any remaining material allegations in Paragraph 22.

2       23.    OrthoClear denies each and every material allegation in Paragraph 23.

3       24.    OrthoClear denies each and every material allegation in Paragraph 24.

4       25.    OrthoClear denies each and every material allegation in Paragraph 25.

## FIRST CAUSE OF ACTION

**(Unfair Competition – Against All Defendants)**

7       26.    OrthoClear incorporates by reference OrthoClear's answers to Paragraphs 1-25.

9       27.    OrthoClear denies each and every material allegation in Paragraph 27.

10      28.    OrthoClear denies each and every material allegation in Paragraph 28.

11      29.    OrthoClear denies each and every material allegation in Paragraph 29.

12      30.    OrthoClear denies each and every material allegation in Paragraph 30.

13      31.    OrthoClear denies each and every material allegation in Paragraph 31.

14      32.    OrthoClear denies each and every material allegation in Paragraph 32.

## SECOND CAUSE OF ACTION

**(Trademark Infringement – Against All Defendants)**

17      33.    OrthoClear incorporates by reference OrthoClear's answers to Paragraphs 1-32.

19      34.    OrthoClear denies each and every material allegation in Paragraph 34.

20      35.    OrthoClear denies each and every material allegation in Paragraph 35.

21      36.    OrthoClear denies each and every material allegation in Paragraph 36

22      37.    OrthoClear admits that it has used the phrase "The CLEAR Way to Straighten Teeth" on its website. OrthoClear admits that some of its senior managers were senior managers at Align at some point in time in the past. OrthoClear denies any remaining material allegations in Paragraph 37.

26      38.    OrthoClear denies each and every material allegation in Paragraph 38.

27      39.    OrthoClear denies each and every material allegation in Paragraph 39.

28      40.    OrthoClear admits that it competes with Align. OrthoClear denies any

1 | remaining material allegations in Paragraph 40.

2 |     41.    OrthoClear denies each and every material allegation in Paragraph 41.

3 |     42.    OrthoClear denies each and every material allegation in Paragraph 42.

## THIRD CAUSE OF ACTION

**(False Advertising – Against All Defendants)**

43. OrthoClear incorporates by reference OrthoClear's answers to Paragraphs 1-42.

44. OrthoClear denies each and every material allegation in Paragraph 44.

45. OrthoClear denies each and every material allegation in Paragraph 45.

46. OrthoClear denies each and every material allegation in Paragraph 46.

47. OrthoClear denies each and every material allegation in Paragraph 47.

48. OrthoClear denies each and every material allegation in Paragraph 48.

## FOURTH CAUSE OF ACTION

**(Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.* – Against All Defendants)**

49. OrthoClear incorporates by reference OrthoClear's answers to Paragraphs 1-48.

50. OrthoClear denies each and every material allegation in Paragraph 50.

51. OrthoClear denies each and every material allegation in Paragraph 51.

52. OrthoClear denies each and every material allegation in Paragraph 52.

53. OrthoClear denies each and every material allegation in Paragraph 53.

54. OrthoClear denies each and every material allegation in Paragraph 54.

55. OrthoClear denies each and every material allegation in Paragraph 55.

56. OrthoClear denies each and every material allegation in Paragraph 56.

## PRAYER FOR RELIEF

OrthoClear denies that Align is entitled to the relief requested in its Prayer For Relief.

# DEFENSES

## FIRST DEFENSE

57. OrthoClear's statements, publications, advertisements, informational material and other commercial speech as alleged in the Complaint were accurate and truthful.

## SECOND DEFENSE

58. OrthoClear's conduct was justified and proper under the privilege of fair competition.

## THIRD DEFENSE

59. OrthoClear has not misrepresented the characteristics, qualities or effectiveness of OrthoClear Inc.'s goods or services.

## FOURTH DEFENSE

60. OrthoClear's conduct has not deceived or created any confusion among customers, end users, or other persons.

## FIFTH DEFENSE

61. OrthoClear's conduct as alleged in the Complaint was undertaken in good faith.

## SIXTH DEFENSE

62. Align may be barred from recovery, in whole or in part, on the grounds that they have not been damaged.

## SEVENTH DEFENSE

63. To the extent that Align has been damaged, Align may be barred from recovery, in whole or in part, on the grounds that it has failed to mitigate its damages.

## EIGHTH DEFENSE

64. OrthoClear's conduct as alleged in the Complaint is protected by the First Amendment.

**NINTH DEFENSE**

65.     Align may be barred from recovery, in whole or in part, on the grounds that Align has abandoned rights in the purported mark.

**TENTH DEFENSE**

66.     Align may be barred from recovery, in whole or in part, on the grounds that Align has acquiesced to OrthoClear's conduct.

**ELEVENTH DEFENSE**

67.     Align may be barred from recovery, in whole or in part, on the grounds that Align has unclean hands.

**TWELFTH DEFENSE**

68.     Align may be barred from recovery, in whole or in part, under the doctrine of laches, estoppel, or waiver.

**THIRTEENTH DEFENSE**

69.     Align may be barred from recovery, in whole or in part, on the grounds that Align's purported mark is merely generic.

**FOURTEENTH DEFENSE**

70.     Align may be barred from recovery, in whole or in part, on the grounds that its claim for unfair competition under state law is preempted.

**FIFTEENTH DEFENSE**

71.     Align may be barred from recovery, in whole or in part, on the grounds that Align's purported mark lacks secondary meaning and is merely descriptive.

**SIXTEENTH DEFENSE**

72.     Align may be barred from recovery, in whole or in part, under the doctrine of fair use.

**SEVENTEENTH DEFENSE**

73.     Align may be barred from recovery, in whole or in part, on the grounds that Align does not have priority of usage of the mark over OrthoClear.

**EIGHTEENTH DEFENSE**

74. To the extent that Align's mark ever issues as a federally-registered trademark, Align may be barred from recovery, in whole or in part, on the grounds that Align's registration is invalid or defective.

**NINETEENTH DEFENSE**

75. Align may be barred from recovery, in whole or in part, on the grounds that OrthoClear's statements, publications, advertisements, informational material and other commercial speech as alleged in the Complaint contains puffery.

Dated: August 29, 2005

GEORGE A. RILEY
DARIN W. SNYDER
PAT W. COSTELLO

O'MELVENY & MYERS LLP


By:   /s/Pat W. Costello
        Pat W. Costello
Attorneys for Defendant
OrthoClear, Inc.

## **DEMAND FOR JURY TRIAL**

OrthoClear, Inc. demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: August 29, 2005

          GEORGE A. RILEY
          DARIN W. SNYDER
          PAT W. COSTELLO

          O'MELVENY & MYERS LLP

By: /s/Pat W. Costello
      Pat W. Costello
Attorneys for Defendant
OrthoClear, Inc.

**CERTIFICATION OF INTERESTED PARTIES OR ENTITIES**

Pursuant to Local Rule 3-16, the undersigned certifies that as if this date, other than the named parties, there is no relevant interest to report.

Dated: August 29, 2005

        GEORGE A. RILEY
        DARIN W. SNYDER
        PAT W. COSTELLO

        O'MELVENY & MYERS LLP

By:    /s/Pat W. Costello
        Pat W. Costello
Attorneys for Defendant
OrthoClear, Inc.

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 7.1, Defendant OrthoClear, Inc. hereby discloses that OrthoClear, Inc. is a subsidiary of OrthoClear Holdings, Inc.

Dated: August 29, 2005

GEORGE A. RILEY
DARIN W. SNYDER
PAT W. COSTELLO

O'MELVENY & MYERS LLP


By:   /s/Pat W. Costello
      Pat W. Costello
Attorneys for Defendant
OrthoClear, Inc.