IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALIGN TECHNOLOGY, INC.,

      Plaintiff,

  v.

ORTHOCLEAR, INC. and ORTHOCLEAR HOLDINGS, INC.,

      Defendants

No. C-05-2948 MMC

**ORDER DENYING ORTHOCLEAR, INC.'S MOTION TO STAY; VACATING HEARING**

Before the Court is defendant OrthoClear, Inc.'s ("OrthoClear") motion to stay the above-titled action.[1] Plaintiff Align Technology, Inc. ("Align") has filed opposition, to which OrthoClear has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for January 27, 2006, and rules as follows.

**A. Stay Pending Resolution of Registration Proceeding**

OrthoClear argues that the instant action should be stayed, pursuant to the primary jurisdiction doctrine, pending resolution of the registration proceeding before the Trademark Trial and Appeals Board ("TTAB").

Although some district courts have granted a stay in light of such proceedings,

---

[1] The other defendant, OrthoClear Holdings, Inc. ("Holdings"), has not joined in the instant motion. Holdings has previously filed a motion to dismiss for lack of personal jurisdiction, which is set for hearing on May 12, 2006.

reasoning that the TTAB's opinion, although "advisory," would be "valuable," see, e.g., Citicasters Co. v. Country Club Communications, 1997 WL 715032, *2 (C.D. Cal. 1997), the Court finds the decisions declining to stay under such circumstances more persuasive, see, e.g., E. & J. Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 467-68 (E.D. Cal. 1994) (discussing factors weighing against stay; noting, e.g., that "disappointed party from a TTAB proceeding may bring a civil action in a United States District Court, 15 U.S.C. § 1071(b), and then receive trial de novo of the very same issue," and that TTAB finding regarding "validity or invalidity of [a party's] registrations is not dispositive in an infringement suit"); see also Goya Foods, Inc. v. Tropicana Products, Inc., 846 F. 2d 848, 853-54 (2nd Cir. 1988) (holding stay of infringement action pending resolution of TTAB registration proceeding not warranted because, inter alia, "interest in prompt adjudication [of infringement action] far outweighs the value of having the views of the [TTAB]" presented to district court). Further, the instant action includes claims not implicated by the TTAB proceeding, such as Align's unfair competition claims. Under such circumstances, the Court would have two choices, neither of which is desirable: to conduct the scheduled October 2006 trial as to the non-trademark claims only or to stay all claims, including those that have no connection with the TTAB proceeding. See Gallo Winery, 899 F. Supp. at 468 (holding where civil action includes claims not implicated in TTAB proceeding, such factor weighs against stay).

Accordingly, the Court declines to exercise its discretion to stay the action, either in its entirety or any part thereof, pending resolution of the TTAB proceeding.

**B. Stay Pending Resolution of State Court Proceeding**

OrthoClear argues the instant action should be stayed pending resolution of the Second Amended Cross-Complaint filed by OrthoClear in a state court proceeding between the parties hereto, specifically, Align Technology, Inc. v. OrthoClear, Inc., et al., Case No. CGC-05-438361 (Superior Court of the State of California, County of San Francisco).

Under the "Colorado River doctrine," a district court may "stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter" if

"extraordinary circumstances" are present. See Holder v. Holder, 305 F. 3d 854, 859, 867 (9th Cir. 2002) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976)).

"In [the Ninth] Circuit, the narrow Colorado River doctrine requires that the pending state court proceeding resolve all issues in the federal suit." See Holder, 305 F. 3d at 859. Here, OrthoClear has not shown that the state court action will resolve all of the issues presented in the instant action, but only that the operative cross-complaint therein presents, at most, two issues of fact also presented in Align's complaint herein.[2] Although a failure of this nature is "dispositive," see id. at 870, the Court has considered the other Colorado River factors, see id. (setting forth factors), and finds, on balance, such factors likewise do not support a stay:

1. Whether the state court first assumed jurisdiction over property

This factor is inapplicable to the instant action.

2. Inconvenience of the federal forum

As OrthoClear's principal place of business is San Francisco, the federal forum is not inconvenient, and this factor weighs against a stay.

3. Desirability of avoiding piecemeal litigation

Although promotion of efficiency and judicial economy favor a stay,[3] this factor does not weigh heavily in that regard where, as here, there is little likelihood of the two court's reaching conflicting decisions. See Kelly Investment, Inc. v. Continental Common Corp., 315 F. 3d 494, 498-99 (5th Cir. 2002) (holding stay under Colorado River improper where primary factor weighing in favor of stay is avoidance of piecemeal litigation, because "the

---

[2] The state court action will not, for example, resolve Align's trademark-related claims, (see, e.g., Compl. ¶¶ 35-36), and will not resolve the issue of whether certain statements allegedly made by OrthoClear were false or misleading, (see, e.g., Compl. ¶ 28(2)).

[3] A state court would have concurrent jurisdiction over the federal claims alleged by Align herein. See Duggan's Funeral Service, Inc. v. Duggan's Serra Mortuary, Inc., 80 Cal. App. 4th 151, 158 (2000) (holding "in cases arising under the Lanham Act, the jurisdiction of federal and state courts is concurrent").

3

1 problem of inconsistent judgments can be obviated through a plea of res judicata should
2 one court render judgment before the other").

3     4. <u>Order in which jurisdiction was first obtained by the concurrent forums</u>

4     OrthoClear filed its initial state court pleading in February 2005, five months before
5 Align instituted the instant federal action in July 2005.  The sequence of those filings is
6 entitled to little weight, however, in that (1) OrthoClear did not file its operative state court
7 pleading until December 2005, and such pleading is the subject of a pending notice of
8 demurrer, set for hearing in February 2005, and (2) the state court has not set a trial
9 schedule, whereas trial of the instant action is scheduled to begin in October 2006.  <u>See</u>
10 <u>Kelly Investment</u>, 315 F. 3d at 499 (holding where, in light of procedural posture of federal
11 and state actions, "there is a strong chance that the federal court will be the first to render a
12 decision," fact that state court proceeding was instituted first is entitled to little weight under
13 <u>Colorado River</u>).

14     5. <u>Whether federal law or state law provides the rule of decision on the merits</u>
15     As the instant complaint is based primarily on federal claims, this factor weighs
16 against a stay.

17     6. <u>Whether the state court proceedings are inadequate to protect the federal</u>
18 <u>litigant's rights</u>
19     As all of the instant claims can be brought together and adjudicated in either federal
20 or state court, this factor weighs neither in favor of or against a stay.

21     7. <u>Whether exercising jurisdiction would promote forum shopping</u>
22     As there is no assertion that Align has engaged in forum shopping, this factor weighs
23 neither in favor of or against a stay.

24     Accordingly, the Court declines to exercise its discretion to stay the action pending
25 resolution of the state court proceeding.
26 //
27 //
28 //

4

**CONCLUSION**

For the reasons stated, OrthoClear's motion to stay is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 26, 2006

MAXINE M. CHESNEY
United States District Judge