1  MARK E. McKEEN (S.B.#130950)       GEORGE A. RILEY (S.B. #118304)
   THOMAS A. COUNTS (S.B. #148051)    DARIN W. SNYDER (S.B. #136003)
2  PAUL, HASTINGS, JANOFSKY &         PAT W. COSTELLO  (S.B. #218591)
   WALKER LLP                         DAVID S. ALMELING (S.B. #235449)
3  55 Second Street, 24th floor       O'MELVENY & MYERS LLP
   San Francisco, CA 94105-3441       Embarcadero Center West
4  Telephone: (415) 856-7000          275 Battery Street
   Facsimile:  (415) 856-7100         San Francisco, California  94111-3305
5                                     Telephone: (415) 984-8700
   Attorneys for Plaintiff Align Technology,   Facsimile: (415) 984-8701
6  Inc.,

7                                     Attorneys for Defendants OrthoClear, Inc., and
                                      OrthoClear Holdings, Inc.

8
                        UNITED STATES DISTRICT COURT
9
                      NORTHERN DISTRICT OF CALIFORNIA
10
                         SAN FRANCISCO DIVISION
11

12
   ALIGN TECHNOLOGY, INC.,                Case No. CV 05-02948 MMC
13
                    Plaintiff,            **STIPULATED PROTECTIVE ORDER**
14
          v.
15
   ORTHOCLEAR, INC. and
16 ORTHOCLEAR HOLDINGS, INC.,

17                 Defendants.

18
19      1.     PURPOSES AND LIMITATIONS

20             Disclosure and discovery activity in this action are likely to involve production of

21 confidential, proprietary, or private information for which special protection from public

22 disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

23 Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

24 Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

25 all disclosures or responses to discovery and that the protection it affords extends only to the

26 limited information or items that are entitled under the applicable legal principles to treatment as

27 confidential.  The parties further acknowledge, as set forth in Section 10, below, that this

28 Protective Order creates no entitlement to file confidential information under seal; Civil Local

1   Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be

2   applied when a party seeks permission from the court to file material under seal.

3

4       2.      DEFINITIONS

5           2.1     Party:  any party to this action, including all of its officers, directors,

6   employees, consultants, retained experts, and outside counsel (and their support staff).

7           2.2     Disclosure or Discovery Material:  all items or information, regardless of

8   the medium or manner generated, stored, or maintained (including, among other things,

9   testimony, transcripts, or tangible things) that are produced or generated in disclosures or

10  responses to discovery in this matter.

11          2.3     "Confidential" Information or Items:  information (regardless of how

12  generated, stored or maintained) or tangible things that qualify for protection under standards

13  developed under F.R.Civ.P. 26(c).

14          2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items:

15  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

16  nonparty would create a substantial risk of serious injury that could not be avoided by less

17  restrictive means.

18          2.5     Receiving Party:  a Party that receives Disclosure or Discovery Material

19  from a Producing Party.

20          2.6     Producing Party:  a Party or non-party that produces Disclosure or

21  Discovery Material in this action.

22          2.7     Designating Party:  a Party or non-party that designates information or

23  items that it produces in disclosures or in response to discovery as "Confidential" or "Highly

24  Confidential — Attorneys' Eyes Only."

25          2.8     Protected Material:  any Disclosure or Discovery Material that is

26  designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

27          2.9     Outside Counsel:  attorneys who are not employees of a Party but who are

28  retained to represent or advise a Party in this action.

STIPULATED PROTECTIVE ORDER

1        2.10    House Counsel:  attorneys who are employees of a Party.

2        2.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well

3    as their support staffs).

4        2.12    Expert:  a person with specialized knowledge or experience in a matter

5    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

6    witness or as a consultant in this action and who is not a past or a current employee of a Party or

7    of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

8    employee of a Party or a competitor of a Party's.  This definition includes a professional jury or

9    trial consultant retained in connection with this litigation.

10       2.13    Professional Vendors:  persons or entities that provide litigation support

11   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

12   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

13   subcontractors.

14

15   3.    SCOPE

16       The protections conferred by this Stipulation and Order cover not only Protected

17   Material (as defined above), but also any information copied or extracted therefrom, as well as all

18   copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

19   presentations by parties or counsel to or in court or in other settings that might reveal Protected

20   Material.

21

22   4.    DURATION

23       Even after the termination of this litigation, the confidentiality obligations imposed

24   by this Protective Order shall remain in effect until a Designating Party agrees otherwise in

25   writing or a court order otherwise directs.

26

27

28

-2-

STIPULATED PROTECTIVE ORDER

1    5.    DESIGNATING PROTECTED MATERIAL

2        5.1    Exercise of Restraint and Care in Designating Material for Protection.

3    Each Party or non-party that designates information or items for protection under

4  this Order must take care to limit any such designation to specific material that qualifies under the

5  appropriate standards.  A Designating Party must take care to designate for protection only those

6  parts of material, documents, items, or oral or written communications that qualify – so that other

7  portions of the material, documents, items, or communications for which protection is not

8  warranted are not swept unjustifiably within the ambit of this Order.

9    Mass, indiscriminate, or routinized designations are prohibited.  Designations that

10  are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

11  unnecessarily encumber or retard the case development process, or to impose unnecessary

12  expenses and burdens on other parties), expose the Designating Party to sanctions.

13    If it comes to a Party's or a non-party's attention that information or items that it

14  designated for protection do not qualify for protection at all, or do not qualify for the level of

15  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

16  withdrawing the mistaken designation.

17        5.2    Manner and Timing of Designations.  Except as otherwise provided in this

18  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

19  material that qualifies for protection under this Order must be clearly so designated before the

20  material is disclosed or produced.

21    Designation in conformity with this Order requires:

22        (a)    for information in documentary form (apart from transcripts of

23  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top

25  of each page that contains protected material.  If only a portion or portions of the material on a

26  page qualifies for protection, the Producing Party also must clearly identify the protected

27  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

28

-3-

STIPULATED PROTECTIVE ORDER

1    portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

2    CONFIDENTIAL – ATTORNEYS' EYES ONLY").

3         A Party or non-party that makes original documents or materials available for

4    inspection need not designate them for protection until after the inspecting Party has indicated

5    which material it would like copied and produced. During the inspection and before the

6    designation, all of the material made available for inspection shall be deemed "HIGHLY

7    CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

8    documents it wants copied and produced, the Producing Party must determine which documents,

9    or portions thereof, qualify for protection under this Protective Order, then, before producing the

10   specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL"

11   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that

12   contains Protected Material. If only a portion or portions of the material on a page qualifies for

13   protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making

14   appropriate markings in the margins) and must specify, for each portion, the level of protection

15   being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

16   EYES ONLY").

17        (b)    for testimony given in deposition or in other pretrial or trial

18   proceedings, that the Party or non-party offering or sponsoring the testimony may identify on the

19   record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

20   and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

21   ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of

22   testimony that is entitled to protection, and when it appears that substantial portions of the

23   testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

24   testimony may invoke on the record (before the deposition proceeding is concluded) a right to

25   have up to 20 days to identify the specific portions of the testimony as to which protection is

26   sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

27   CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the testimony that

28

-4-

STIPULATED PROTECTIVE ORDER

1   are appropriately designated for protection within the 20 days shall be covered by the provisions

2   of this Stipulated Protective Order.

3            Transcript pages containing Protected Material must be separately bound by the

4   court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

5   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

6   nonparty offering or sponsoring the witness or presenting the testimony.

7                      (c)      for information produced in some form other than documentary,

8   and for any other tangible items, that the Producing Party affix in a prominent place on the

9   exterior of the container or containers in which the information or item is stored the legend

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only

11  portions of the information or item warrant protection, the Producing Party, to the extent

12  practicable, shall identify the protected portions, specifying whether they qualify as

13  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

14            5.3      Inadvertent Failures to Designate. If timely corrected, an inadvertent

15  failure to designate qualified information or items as "Confidential" or "Highly Confidential –

16  Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

17  protection under this Order for such material. If material is appropriately designated as

18  "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially

19  produced, the Receiving Party, on timely notification of the designation, must make reasonable

20  efforts to assure that the material is treated in accordance with the provisions of this Order.

21

22        6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

23            6.1      Timing of Challenges. Unless a prompt challenge to a Designating Party's

24  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

25  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

26  waive its right to challenge a confidentiality designation by electing not to mount a challenge

27  promptly after the original designation is disclosed.

28

-5-

STIPULATED PROTECTIVE ORDER

1     6.2     Meet and Confer.  A Party that elects to initiate a challenge to a

2    Designating Party's confidentiality designation must do so in good faith and must begin the

3    process by conferring directly (in voice to voice dialogue; other forms of communication are not

4    sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must

5    explain the basis for its belief that the confidentiality designation was not proper and must give

6    the Designating Party an opportunity to review the designated material, to reconsider the

7    circumstances, and, if no change in designation is offered, to explain the basis for the chosen

8    designation.  A challenging Party may proceed to the next stage of the challenge process only if it

9    has engaged in this meet and confer process first.

10

11     6.3     Judicial Intervention.  A Party that elects to press a challenge to a

12    confidentiality designation after considering the justification offered by the Designating Party

13    may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

14    79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

15    challenge.  Each such motion must be accompanied by a competent declaration that affirms that

16    the movant has complied with the meet and confer requirements imposed in the preceding

17    paragraph and that sets forth with specificity the justification for the confidentiality designation

18    that was given by the Designating Party in the meet and confer dialogue.

19     The burden of persuasion in any such challenge proceeding shall be on the

20    Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

21    material in question the level of protection to which it is entitled under the Producing Party's

22    designation.

23

24    7.     ACCESS TO AND USE OF PROTECTED MATERIAL

25     7.1     Basic Principles.  A Receiving Party may use Protected Material that is

26    disclosed or produced by another Party or by a non-party in connection with this case only for

27    prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

28    disclosed only to the categories of persons and under the conditions described in this Order.

STIPULATED PROTECTIVE ORDER

1  When the litigation has been terminated, a Receiving Party must comply with the provisions of

2  section 11, below (FINAL DISPOSITION).

3          Protected Material must be stored and maintained by a Receiving Party at a

4  location and in a secure manner that ensures that access is limited to the persons authorized under

5  this Order.

6          7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

7  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

8  disclose any information or item designated CONFIDENTIAL only to:

9          (a)    the Receiving Party's Outside Counsel of record in this action, as

10  well as employees of said Counsel to whom it is reasonably necessary to disclose the information

11  for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

12  attached hereto as Exhibit A;

13          (b)    the officers, directors, and employees (including House Counsel) of

14  the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

15  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

16          (c)    experts (as defined in this Protective Order) of the Receiving Party

17  to whom disclosure is reasonably necessary for this litigation and who have signed the

18  "Agreement to Be Bound by Protective Order" (Exhibit A);

19          (d)    the Court and its personnel;

20          (e)    court reporters, their staffs, and professional vendors to whom

21  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

22  Bound by Protective Order" (Exhibit A);

23          (f)    during their depositions, witnesses in the action to whom disclosure

24  is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

25  (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

26  Protected Material must be separately bound by the court reporter and may not be disclosed to

27  anyone except as permitted under this Stipulated Protective Order; and

28

STIPULATED PROTECTIVE ORDER

1        (g)     the author of the document or the original source of the

2 information.

3        7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

4 ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

5 the Designating Party, a Receiving Party may disclose any information or item designated

6 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

7        (a)     the Receiving Party's Outside Counsel of record in this action, as

8 well as employees of said Counsel to whom it is reasonably necessary to disclose the information

9 for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

10 attached hereto as Exhibit A;

11        (b)     Experts (as defined in this Protective Order) of the Receiving Party

12 (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the

13 "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set

14 forth in paragraph 7.4, below, have been followed;

15        (c)     the Court and its personnel;

16        (d)     court reporters, their staffs, and professional vendors to whom

17 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

18 Bound by Protective Order (Exhibit A); and

19        (e)     the author of the document or the original source of the

20 information.

21        7.4     Procedures for Approving Disclosure of Protected Material to "Experts."

22        (a)     Unless otherwise ordered by the court or agreed in writing by the

23 Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

24 information or item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS'

25 EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

26 specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

27 disclose to the Expert; (2) sets forth the full name of the Expert and the city and state of his or

28 her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the

-8-

STIPULATED PROTECTIVE ORDER

Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

-9-

STIPULATED PROTECTIVE ORDER

1    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

2    OTHER LITIGATION.

3            If a Receiving Party is served with a subpoena or an order issued in other litigation

4    that would compel disclosure of any information or items designated in this action as

5    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the

6    Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

7    and in no event more than three court days after receiving the subpoena or order.  Such

8    notification must include a copy of the subpoena, request for production, or court order.

9            The Receiving Party also must immediately inform in writing the Party who

10   caused the subpoena, request for production, or order to issue in the other litigation that some or

11   all the material covered by the subpoena. request for production, or order is the subject of this

12   Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated

13   Protective Order promptly to the Party in the other action that caused the subpoena or order to

14   issue .

15           The purpose of imposing these duties is to alert the interested parties to the

16   existence of this Protective Order and to afford the Designating Party in this case an opportunity

17   to try to protect its confidentiality interests in the court from which the subpoena or order issued.

18   The Designating Party shall bear the burdens and the expenses of seeking protection in that court

19   of its confidential material – and nothing in these provisions should be construed as authorizing or

20   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

21

22   9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

23           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

24   Protected Material to any person or in any circumstance not authorized under this Stipulated

25   Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

26   Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

27   Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

28

-10-

STIPULATED PROTECTIVE ORDER

1    terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

2    Agreement to Be Bound" that is attached hereto as Exhibit A.

3

4        10.    FILING PROTECTED MATERIAL.

5            (a)    Without written permission from the Designating Party or a court

6    order secured after appropriate notice to all interested persons, a Party may not file in the public

7    record in this action any Protected Material.  A Party that seeks to file under seal any Protected

8    Material must comply with Civil Local Rule 79-5.

9

10        11.    FINAL DISPOSITION.

11            Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

12   days after the final termination of this action, each Receiving Party must return all Protected

13   Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all

14   copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of

15   the Protected Material.  With permission in writing from the Designating Party, the Receiving

16   Party may destroy some or all of the Protected Material instead of returning it.  Whether the

17   Protected Material is returned or destroyed, the Receiving Party must submit a written

18   certification to the Producing Party (and, if not the same person or entity, to the Designating

19   Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected

20   Material that was returned or destroyed and that affirms that the Receiving Party has not retained

21   any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of

22   the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

23   copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

24   work product, even if such materials contain Protected Material.  Any such archival copies that

25   contain or constitute Protected Material remain subject to this Protective Order as set forth in

26   Section 4 (DURATION), above.

27

28

-11-

STIPULATED PROTECTIVE ORDER

1   12.   INADVERTENT DISCLOSURE

2          Inadvertent disclosure of any document or other information covered by the

3   attorney-client privilege, work-product of other applicable privileges during discovery in this

4   matter, or inadvertent disclosure of confidential information without appropriate designation,

5   shall be without prejudice to any claim that such document or other information is privileged or

6   confidential, and no party shall be held to have waived any rights by such inadvertent disclosure.

7   If the Producing Party claims that document or other information was inadvertently disclosed the

8   Receiving Party shall not use for any purpose and shall immediately return any inadvertently

9   produced privilege material.  The inadvertent, unintentional, or in camera disclosure of

10  Confidential Information shall not, under any circumstances be deemed a waiver, in whole or in

11  part, of any claims of privilege or confidentiality.

12  13.   PATENT PROSECUTION LIMITATION

13         No person who has obtained access to a Designating Party's "Highly Confidential

14  — ATTORNEYS EYES ONLY" information or items shall, during the litigation and for a period

15  up to two (2) years after the litigation's termination, participate in the prosecution of the

16  Receiving Party's patent applications relating in any way to teeth, imaging of teeth, tooth

17  position, movement of teeth, dentistry, or orthodontics, including, but not limited to, computer

18  technology relating in any way to teeth, imaging of teeth, tooth positions, movement of teeth,

19  dentistry, or orthodontics, unless otherwise ordered by the Court or permitted in writing by the

20  Designating Party.

21         Notwithstanding the above, witnesses who have only obtained "HIGHLY

22  CONFIDENTIAL — ATTORNEYS EYES ONLY" information under Section 7.3(e) of this

23  Protective Order are not subject to this Patent Prosecution Limitation.

24  14.   MISCELLANEOUS

25         14.1   Right to Further Relief.  Nothing in this Order abridges the right of any

26  person to seek its modification by the Court in the future.

27         14.2   Right to Assert Other Objections.  By stipulating to the entry of this

28  Protective Order no Party waives any right it otherwise would have to object to disclosing or

-12-

1   producing any information or item on any ground not addressed in this Stipulated Protective

2   Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

3   the material covered by this Protective Order.

4

5   IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

6

7                                           **PAUL, HASTINGS, JANOFSKY & WALKER LLP**

8   DATED: 2/23/06                           By: _____

9                                               Attorney for Plaintiff Align Technology, Inc.

10                                          **O'MELVENY & MYERS LLP**

11

12  DATED: 2/21/06                           By: _____

                                               Attorney for Defendants OrthoClear, Inc., and
13                                             OrthoClear Holdings, Inc.

14

15  PURSUANT TO STIPULATION, IT IS SO ORDERED.

16

17  - DATED: February 27, 2006               By: _____

18                                             Hon. Maxine M. Chesney
                                               United States District Court Judge
19

20

21

22

23

24

25

26

27

28

-13-

STIPULATED PROTECTIVE ORDER