United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALIGN TECHNOLOGY, INC.,

      Plaintiff,
  v.

ORTHOCLEAR, INC. and ORTHOCLEAR HOLDINGS, INC.,

      Defendants
                                /

No. C-05-2948 MMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND FIRST AMENDED COMPLAINT; VACATING HEARING**

      Before the Court is plaintiff Align Technology, Inc.'s motion, filed March 21, 2006, for leave to file a proposed Supplemental and First Amended Complaint ("SFAC") pursuant to Rule 15 of the Federal Rules of Civil Procedure. Defendants OrthoClear, Inc. and OrthoClear Holdings, Inc. have filed opposition, to which Align has replied. Having reviewed the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for April 28, 2006, and rules as follows.

**I. Rule 15(d)**

      In its initial complaint, plaintiff pleads claims based on defendants' alleged infringement of plaintiff's trademarks and allged false statements concerning defendants' training and certification of dental practitioners. Plaintiff now seeks leave to supplement its complaint, pursuant to Rule 15(d), to add claims based on statements defendants allegedly

made recently in March 2006, specifically, statements that persons who use plaintiff's products are exposed to "hazardous chemicals," (see Proposed SFAC ¶ 37),[1] and that the Food and Drug Administration ("FDA") had issued a "ruling" that required plaintiff to "reclassify" its products because of safety concerns, (see Proposed SFAC ¶ 39).

Pursuant to Rule 15(d), a district court may allow a party to "serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." See Fed. R. Civ. P. 15(d). Rule 15(d), however, "cannot be used to introduce a separate, distinct and new cause of action," and should be denied "where the supplemental pleading could be the subject of a separate action." See Planned Parenthood of Southern Arizona v. Neely, 130 F. 3d 400, 402 (9th Cir. 1997) (internal quotations and citations omitted); cf. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F. 2d 1014, 1057-58 (9th Cir. 1981) (holding filing of supplemental complaint proper where supplemental complaint "merely restated the allegations of the initial pleadings and further alleged only that the claimed violations had continued"), cert. denied, 459 U.S. 825 (1982). Here, the proposed supplemental claims are separate and distinct from the existing claims. As noted, the existing claims arise from defendants' statements about its own training and certification program and from defendants' alleged acts of trademark infringement. The existing claims do not present any issue pertaining to plaintiff's products, let alone the safety of plaintiff's products and/or the FDA's reaction to such potential safety issues. Moreover, plaintiff concedes it could bring the proposed supplemental claims in a separate action. (See Pl.'s Mot. at 8:20-21.)

Accordingly, plaintiff's request to amend to include the proposed supplemental claims will be denied.

//
//
//

---

[1] The proposed SFAC is Exhibit A to plaintiff's motion.

2

**II. Rule 15(a)**

    **A. Product Advertising Claims**

Plaintiff seeks leave to amend its complaint, pursuant to Rule 15(a), to add new claims based on the allegation that defendants' advertising includes false statements about defendants' and plaintiff's respective products ("product advertising claims"). According to plaintiff, such advertisements "falsely communicate[ ] to consumers that [defendants'] aligners are superior to other invisible orthodontic aligners on the market including [plaintiff's] aligners." (See Proposed SFAC ¶ 27.)[2]

In considering whether to allow an amendment to a pleading, a district court considers four factors: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. See Bowles v. Reade, 198 F. 3d 752, 757-58 (9th Cir. 1999). Defendants argue that plaintiff unduly delayed seeking leave to amend and that allowing amendment would prejudice plaintiff.

Plaintiff does not deny it was aware of the facts supporting its product advertising claims when it filed its initial complaint. Plaintiff argues, however, that any delay in filing such claims was not "undue," (see Pl.'s Reply at 9:19), because it had attempted earlier to present such claims in an "alternative dispute resolution forum," (see Pl.'s Notice at 2:8). Specifically, on October 14, 2005, plaintiff presented the subject product advertising claims to the National Advertising Division ("NAD") of the Council of Better Business Bureaus. (See Elder Decl. Exs. A, B.) On December 12, 2005, however, defendants notified NAD that defendants would not participate in a NAD proceeding, (see id. Ex. C); thereafter, on February 2, 2006, NAD issued a decision stating that because defendants had declined to participate, NAD would not consider the substance of plaintiff's claims, (see id. Ex. D). Assuming, arguendo, plaintiff's initial decision not to include those product advertising claims herein was reasonable, plaintiff fails to explain why it did not seek leave to amend in

---

[2] Defendants state, and plaintiff has not disputed, that such statements were made before plaintiff filed its initial complaint in July 2006.

3

or shortly after December 2005, when it learned defendants would not participate in the proceeding before NAD. Further assuming, arguendo, it was reasonable for plaintiff to wait to seek leave to amend until NAD officially declined to consider the merits of plaintiff's claims, plaintiff fails to explain why, after it learned of NAD's decision, it waited an additional month before filing the instant motion.[3]

Although plaintiff has not sufficiently explained its delay in filing the instant motion, "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." See Bowles, 198 F. 3d at 758. Rather, an order denying a motion to amend must be supported by a "specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." See id. Consequently, the Court turns to defendants' argument that they would be prejudiced if plaintiff is allowed to amend.

The fact discovery cutoff in the instant action is April 28, 2006.[4] The proposed product advertising claims raise a plethora of issues not encompassed within the current pleadings, including, for example, (1) whether defendants' products are "more comfortable," (see SFAC ¶ 31), "more hygienic and easier to clean," (see id. ¶ 33), and/or "clearer," (see id. ¶ 35); and (2) the pricing policies of both parties, (see id. ¶ 36). As defendants correctly note, allowing plaintiff to add the product advertising claims would require extending the fact discovery cutoff beyond the current April 28, 2006 deadline, in all likelihood, for a significant period of time given that the new claims are, essentially, the equivalent of a new civil complaint, and would necessitate a continuance of related dates, including trial.

"Disruption to the schedule of the court . . . is not harmless." Wong v. Regents of the Univ. of California, 410 F. 3d 1052, 1062 (9th Cir. 2005) (holding district court did not

---

[3] As noted, NAD's decision is dated February 2, 2006. Plaintiff represents that it was not served with that decision and that it learned of the decision on February 21, 2006 by accessing it on NAD's website.

[4] At the time plaintiff filed the instant motion, the fact discovery cutoff was April 3, 2006. (See Pretrial Preparation Order, filed October 31, 2005.) By order filed March 28, 2006, Magistrate Judge Joseph C. Spero extended the fact discovery cutoff to April 28, 2006.

4

1  err by denying plaintiff's motion to extend deadline to disclose experts, where, had plaintiff
2  "been permitted to disregard the deadline . . ., the rest of the schedule laid out by the court
3  months in advance, and understood by the parties, would have to have been altered as
4  well").  The Ninth Circuit has repeatedly affirmed orders denying motions for leave to
5  amend, where granting the motion would have necessitated reopening discovery and
6  delaying the proceedings, reasoning that under such circumstances the defendant would
7  have been prejudiced.  See, e.g., Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.
8  3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the
9  proceedings supports a district court's finding of prejudice from a delayed motion to amend
10 the complaint."); Solomon v. North American Life & Casualty Ins. Co., 151 F. 3d 1132,
11 1139 (9th Cir. 1998) (holding motion to amend properly denied, where granting motion to
12 amend "would have required re-opening discovery, thus delaying the proceedings"); see
13 also AmerisourceBergen Corp. v. Dialysist West, Inc., — F. 3d — , 2006 WL 709199, *7
14 ((9th Cir. March 22, 2006) (dissent) (observing Ninth Circuit has "often affirmed the denial
15 of leave to amend when the motion was made . . . when discovery had closed or was about
16 to close"; citing cases); cf. Howey v. United States, 481 F. 2d 1187, 1191 (9th Cir. 1973)
17 (holding district court erred in denying motion to amend made after close of discovery,
18 where defendant did not claim need for discovery and "was prepared to contest the
19 [proposed new] issues raised").
20      Here, in addition to disrupting the discovery schedule upon which the parties have
21 relied, extending the discovery cutoff would, in turn, almost invariably require vacatur of the
22 existing October 30, 2006 trial date, further prejudicing defendants.  See
23 AmerisourceBergen Corp., 2006 WL 709199, *3 (affirming order denying motion to amend,
24 where proposed amendment included "different legal theories" and would have
25 "unnecessarily delayed final judgment on the counterclaim," thereby prejudicing
26 counterclaimant).
27      Under such circumstances, plaintiff's request to file an amended complaint that
28

includes the product advertising claims will be denied.

### B. Other Amendments

The proposed SFAC includes new allegations that support existing claims, or, as plaintiff puts it, "restate [p]laintiff's initial claims." (See Pl.'s Notice of Mot. at 1:5.) In their opposition, defendants assert such proposed amendments are "untimely," but state they will "not address these changes in [their opposition] because they appear to relate to the claims already at issue without substantively changing the allegations." See Defs.' Opp. at 1:24-28; see, e.g., Bowles, 198 F. 3d at 758 (holding delay alone, even if undue, insufficient to deny motion to amend).

## CONCLUSION

For the reasons expressed, plaintiff's motion for leave to file the Proposed Supplemental and First Amended Complaint ("SFAC") is hereby GRANTED to the extent plaintiff seeks to replead its existing claims[5] and in all other respects is hereby DENIED.

Plaintiff's First Amended Complaint, if any, shall be filed in accordance with this order and no later than May 11, 2006.

**IT IS SO ORDERED.**

Dated: April 26, 2006

MAXINE M. CHESNEY
United States District Judge

---

[5] The Court notes that neither party has endeavored to identify the portions of the proposed SFAC that constitute amendments of this limited nature. Nevertheless, the parties appear to have some mutual understanding with respect to the scope thereof.

6