IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., <br><br> Plaintiff, <br> v. <br><br> ORTHOCLEAR, INC. and ORTHOCLEAR HOLDINGS, INC., <br><br> Defendants / | No. C-05-2948 MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ORTHOCLEAR, INC.'S MOTION FOR SUMMARY JUDGMENT; VACATING HEARING** |

      Before the Court is defendant OrthoClear, Inc.'s ("OrthoClear") motion for summary judgment, pursuant to Rule 56 of the Civil Rules of Civil Procedure. Defendant OrthoClear Holdings, Inc. ("Holdings") has filed a notice of joinder. Plaintiff Align Technology, Inc. ("Align") has filed opposition,[1] to which OrthoClear has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision of the papers, VACATES the hearing scheduled for August 18, 2006, and rules as follows.

---

[1] In addition to its opposition, Align has filed an objection to Holdings's notice of joinder. The objection is overruled. First, contrary to Align's argument, there is no requirement that a notice of joinder include legal argument; the purpose of a notice of joinder is to adopt the argument made by another party. Second, Align fails to show it has been prejudiced by Holdings's having filed and served the notice of joinder 32 days, rather than 35 days, before the noticed hearing.

**I. Trademark Infringement (Second Cause of Action)**[2]

As set forth in Align's opposition, OrthoClear is not entitled to summary judgment on Align's cause of action for trademark infringement. In particular, the Court notes that OrthoClear used the words "The Clear Way to Straighten Teeth," a phrase identical to Align's mark, in connection with promoting the same type of product, invisible orthodontics. Where there is a "virtual identity of marks" used with the same type of product, "likelihood of confusion would follow as a matter of course." See Brookfield Communications, Inc. v. West Coast Entertainment Corp., 174 F. 3d 1036, 1056 (9th Cir. 1999) (holding where plaintiff and defendant used "movie buff" in connection with same type of service, defendant not entitled to summary judgment as to infringement claim).

**II. False Advertising (Third Cause of Action)**

Align's cause of action for false advertising is based on six statements made by OrthoClear either on its website or in press releases. (See Compl. ¶¶ 21-24.)

**A. Number of Patients**

The first challenged statement is the answer, "Hundreds of thousands of patients have been treated with invisible orthodontics," when offered in response to the "frequently asked question" ("FAQ"), "How many patients are being treated with OrthoClear." (See Kissman Decl. Ex. 12 at 3-4.) The Court finds, for the reasons stated in Align's opposition, a trier of fact could reasonably conclude the statement conveys the false message that OrthoClear's products have been used by hundreds of thousands of patients. Further, there is sufficient evidence to raise a triable issue as to the statement's materiality and consumer reliance thereon. As Align has argued, a trier of fact could reasonably conclude OrthoClear knew its statement would convey a false message, given that OrthoClear wrote both the question and answer, (see id.), and intended that consumers would be influenced thereby, (see id. Ex. 19 at 229:13-20 (Chishti Deposition) (acknowledging OrthoClear

---

[2] The Court has addressed the four causes of action set forth in the complaint in the order in which the parties have discussed them in their respective filings.

intended statements on website to influence consumers)). See Southland Sod Farms v. Stover Seed Co., 108 F. 3d 1134, 1146 (9th Cir. 1997) (holding, where defendant deliberately makes false statement, trier of fact entitled to presume false statement deceived consumers and was material).

Accordingly, OrthoClear is not entitled to summary judgment as to the Third Cause of Action to the extent such claim is based on OrthoClear's representation as to the number of patients treated.

**B.  Number of Certified Practitioners**

On its website, in response to the FAQ, "Can I be treated with OrthoClear by any orthodontist or dentist?," OrthoClear stated, "Any orthodontist or dentist who's been certified to treat with invisible orthodontics can treat you with OrthoClear. Over ten thousand U.S. orthodontists and dentists are certified." (See Kissman Decl. Ex. 12 at 2-3.) As OrthoClear concedes, Align has submitted evidence to support a finding this answer is false. (See Def.'s Mot. at 18:26-28; see also Solanki Decl. Ex. 6 at 127:12-17 (Breeland Deposition) (acknowledging practitioner cannot treat patients with OrthoClear's products "until" OrthoClear certifies practitioner) (emphasis added); Kissman Decl. Ex. 19 at 232:20-24 (Chishti Deposition) (stating OrthoClear has certified approximately 6000 practitioners).) Further, the Court finds, for the reasons stated in Align's opposition, Align has submitted sufficient evidence to raise a triable issue as to both materiality and reliance. A trier of fact could reasonably conclude OrthoClear knew its statement would convey the false message, given defendant wrote both the question and answer, (see id. Ex. 12 at 2-3), and intended that consumers would be influenced thereby, (see id. Ex. 19 at 229:13-20). See Southland Sod Farms, 108 F. 3d at 1146.

Accordingly, OrthoClear is not entitled to summary judgment as to the Third Cause of Action to the extent such claim is based on OrthoClear's representation as to the number of practitioners certified.

//

### C. Certification Program

The remaining four statements at issue each make reference, either expressly or impliedly, to OrthoClear's having a program to train and certify practitioners. On its website, OrthoClear stated, "To treat patients with OrthoClear, doctors must be trained to use invisible orthodontics and certified as an OrthoClear provider." (See id. Ex. 12 at 4.) Also on its website, OrthoClear stated, "[A] trained OrthoClear orthodontist or dentist can tell you if this revolutionary product will work for you." (See id. Ex. 13.) In a press release, OrthoClear stated, "Since February 2005 the company has certified over a thousand of the nation's leading orthodontists and dentists to treat with OrthoClear." (See id. Ex. 14.) In another press release, OrthoClear stated, "[W]hen one of our certified doctors calls OrthoClear's customer service team, they're guaranteed to speak directly with a dental professional." (See id. Ex. 15.)

Align argues each of said four statements is false because OrthoClear does not have a "bona fide certification training program." (See Pl.'s Opp. at 21:23-24.) As set forth in OrthoClear's motion and reply, however, Align lacks sufficient evidence from which a trier of fact could find such statements are false. In particular, it is undisputed that OrthoClear has its own certification program, (see, e.g., Davidson Decl. Ex. 21 at 26:8 - 29:15), and, although OrthoClear's certification program may be less extensive than that of Align, Align offers no evidence that any standard exists for certifying practitioners with respect to the use of invisible orthodontics, let alone that OrthoClear's program falls short of such standard.

Accordingly, OrthoClear is entitled to summary judgment as to the Third Cause of Action to the extent such claim is based on OrthoClear's representations that it has a certification program.

//
//
//

4

### III. Reverse Passing-off (First Cause of Action)

For the reasons stated in OrthoClear's motion and reply, OrthoClear is entitled to summary judgment on Align's cause of action for reverse passing-off. Even assuming certification of practitioners constitutes a "service" under 15 U.S.C. § 1125(a), it is undisputed, as noted above, that OrthoClear has its own certification program. Although, in some instances, OrthoClear may have certified practitioners who had been certified by Align, the evidence is undisputed that OrthoClear did so only after providing those practitioners "additional" matter "such as training manuals and a reference to [OrthoClear's] online training." (See Kissman Decl. Ex. 19 at 200:11-24, 234:4-19.) Under such circumstances, OrthoClear's conduct does not constitute reverse passing-off. See Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 26-27, 31-32 (2003) (holding, where defendant copied plaintiff's television program and repackaged it as defendant's program, after making "arguably minor" substitutions to plaintiff's content, plaintiff could not establish claim for reverse passing-off); Tao of Systems Integration, Inc. v. Analytical Services & Materials, Inc., 299 F. Supp. 2d 565, 572 (E.D. Va. 2004) (holding where defendant wrote proposal "incorporat[ing] ideas or concepts that belonged" to plaintiff, and gave proposal to potential client, plaintiff could not establish claim for reverse passing-off).

### IV. State Law Unfair Competition (Fourth Cause of Action)

Align's state law cause of action for unfair competition is derivative of its federal claims. Because some of those federal claims remain at issue, OrthoClear is not entitled to summary judgment on Align's state law cause of action for unfair competition.

//
//
//
//
//
//
//

**CONCLUSION**

For the reasons stated, OrthoClear's motion is hereby GRANTED in part and DENIED in part, as follows:

1. OrthoClear's motion is GRANTED as to the First Cause of Action in its entirety and as to the Third Cause of Action to the extent such claim is based on OrthoClear's representations that it has a certification program.

2. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 16, 2006

MAXINE M. CHESNEY
United States District Judge