United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., | No. C-05-2948 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANT ORTHOCLEAR HOLDINGS, INC.'S MOTION FOR SUMMARY JUDGMENT; VACATING HEARING** |
| v. | |
| ORTHOCLEAR, INC. and ORTHOCLEAR HOLDINGS, INC., | |
| Defendants / | |

Before the Court is defendant OrthoClear Holdings, Inc.'s ("Holdings") motion for summary judgment, pursuant to Rule 56 of the Civil Rules of Civil Procedure. Plaintiff Align Technology, Inc. ("Align") has filed opposition, to which Holdings has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for August 18, 2006, and rules as follows:

1. To the extent Align's claims against Holdings are based on a theory that Holdings itself engaged in any of the wrongful conduct alleged in the complaint, Holdings is entitled to summary judgment. Align has not submitted sufficient evidence to raise a triable issue with respect to such theory of liability.

2. To the extent Align's claims against Holdings are based on an alter ego theory, Holdings is entitled to summary judgment. Align has not submitted sufficient evidence to

show, with respect to Holdings and its subsidiary OrthoClear, Inc., that a "failure to disregard their separate identities would result in fraud or injustice." See Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements, 328 F. 3d 1122, 1134 (9th Cir. 2003) (setting forth elements of "alter ego exception" to general rule that parent and subsidiary constitute separate entities).

## CONCLUSION

For the reasons stated, Holdings' motion for summary judgment is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: September 5, 2006

MAXINE M. CHESNEY
United States District Judge